## HORTON *v.* BOATRIGHT

No. 41079          October 13, 1958          105 So. 2d 567

*Forrest G. Cooper,* Indianola, for appellant.

*Kellner & Kellner,* Greenville, for appellee.

LEE, J.

The value of appellee's interest, including the money decree and the value of the property in controversy, as adjudged by the final decree of the trial court, is at least $14,750, but the appellants, on their cross bill, were also awarded a decree for $1,525. Thus $13,225 is the net interest of the appellee in the property. The appellants, if they desired an appeal with supersedeas, were required, under Section 1163, Code of 1942 Recompiled, to furnish a bond in the sum of $16,531.25, the same being 125% of the amount of the value of appellee's interest in the property.

The appellants, with sureties, executed an appeal bond in the amount of $593.75, the condition of which is "that the above bound principals have prosecuted an appeal with supersedeas" to this Court from the final decree against them in the sum of $475, by the Chancery Court of Washington County, Mississippi, in this cause, and "if said above bound principals will satisfy said decree, and also such final judgment as may be made in said cause, and all costs, if the same be affirmed, then the foregoing obligation shall be null and void."

While the bond clearly appears to be for supersedeas, obviously $593.75 is not sufficient to supersede a value of $13,225. The trial court did not fix the bond or allow the appeal. The appellant simply furnished a bond which is insufficient to effect the purposes stated.

The appellee has filed a motion to discharge the supersedeas unless the appellants, within such reasonable time as may be fixed by the court, shall give a good and sufficient bond to supersede the decree.

The motion is sustained. The penalty of the bond is hereby fixed at the sum of $16,531.25, to be conditioned according to law, with good and sufficient sureties, and is to be given by the appellants and approved by the Clerk of this Court within ten days from the date of this order; and, if not given and approved within that time, the supersedeas is hereby discharged. Stewart v.

Miss. State Highway Commission, 185 Miss. 328, 186 So. 633.

Motion to require a sufficient supersedeas bond sustained and amount thereof fixed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.